IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAROL JEAN RIVERA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:12-cv-1748-G-BN |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Carol Jean Rivera seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated herein, the hearing decision should be reversed and remanded.

**Background**

Plaintiff alleges that she is disabled due to a variety of ailments, including arthritis, bone deterioration, and diabetes. *See* Administrative Record [Dkt. Nos. 13 & 14] ("Tr.") at 173. After her applications for disability, supplemental security income ("SSI"), and widow's benefits were denied initially, *see id.* at 56-57, 62, and on reconsideration, *see id.* at 74, 80, Plaintiff requested a hearing before an administrative law judge, *see id.* at 7. That hearing was held on August 11, 2010. *See id.* at 23. At the time of the hearing, Plaintiff was fifty-two years old. *See id.* at 26. She has a tenth grade education, *see id.* at 26, and past work experience as a nurse's aide and home

health nurse, *see id.* at 27, 43. Plaintiff has not engaged in substantial gainful activity since July 7, 2009. *See id.* at 15.

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability, SSI, or widow's benefits. *See id.* at 18. Although the medical evidence established that Plaintiff suffered from obesity, diabetes, hypertension, mild lumbar spondylosis, and arthritis, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. *See id.* at 15. The ALJ further determined that Plaintiff had the residual functional capacity ("RFC") to perform her past relevant work as a home health aide. *See id.* at 17.

Plaintiff appealed that decision to the Appeals Council. *See id.* at 7. The Council affirmed. *See id.* at 1.

Plaintiff then filed this action in federal district court. *See* Dkt. No. 1. Plaintiff challenges the hearing decision on two general grounds: (1) the Appeals Council failed to consider new and material evidence of her disability and (2) the ALJ used the wrong legal standard in evaluating the severity of her impairments. *See* Dkt. Nos. 19 & 23.

The undersigned recommends that the hearing decision should be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with the findings and conclusions herein.

## Legal standards

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v.*

*Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1.    The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2.    The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3

3.      The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. The hearing officer must make this determination using only medical evidence.

4.      If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5.      If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See* 20 C.F.R. § 404.1520(b)-(f); *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007) ("In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity."). The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows where the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

5

## Analysis

<u>Consideration of Additional Evidence</u>

Plaintiff first contends that these proceedings must be remanded to allow proper consideration of evidence concerning osteoarthritis in her knees, including additional evidence prepared after the administrative hearing and submitted to the Appeals Council. Plaintiff argues that the Appeals Council ignored this evidence and that, had this evidence been properly considered, the RFC findings may have been different.[1]

In his RFC assessment, the ALJ determined that Plaintiff could perform a limited range of "light" work and that she could lift and carry twenty pounds occasionally and ten pounds frequently, could never climb ladders or ropes, and could occasionally use ramps and stairs, kneel, crouch, and crawl. *See* Tr. at 15. The ALJ further determined that Plaintiff could perform her past relevant work as a home health aide. *See id*. at 17.

In his decision, the ALJ found that Plaintiff suffered from the severe impairment of arthritis as well as obesity, diabetes, hypertension, and mild lumbar spondylosis. *See id*. at 15. The ALJ made no distinction between arthritis in Plaintiff's knees or other parts of her body. *See id*. at 12-18. The ALJ observed that Plaintiff has an excessive weight to height ratio, *see id*. at 15, 465, and, referring to SSR 02-1P, noted that someone with obesity and arthritis affecting a weight-bearing joint may have more

---

[1] Because Plaintiff's arguments in her brief relate solely to issues regarding her knees, the undersigned will review only the medical evidence relating to any such impairment.

pain and limitation than might be expected from arthritis alone, *see id*. at 17. In his review of the medical record, the ALJ noted that, in May and June 2009, Plaintiff reported having arthralgias for several years, for which over-the-counter medications provided moderate relief. *See id*. at 15-16, 262, 448. At a consultative examination in December 2009, Plaintiff reported lower back pain associated with multiple arthralgias, especially in her knees and ankles, and the consulting examiner reported that there were no significant findings to suggest degenerative or inflammatory arthritis. *See id*. at 16. In both June and April 2010, Plaintiff reported very good pain control for her arthritic symptoms with prescription medication. *See id*. at 16. The ALJ also noted Plaintiff's testimony that she has problems with her legs and intermittent pain. *See id*. at 16. The ALJ handed down his decision on September 18, 2010. *See id*. at 18.

As part of her request for review by the Appeals Council, Plaintiff submitted new medical evidence obtained after the August 11, 2010 hearing.[2] *See id*. at 1-6, 609-64. These records show that, during an examination on August 24, 2010, Plaintiff had a grinding sensation in her knees and limited range of motion due to pain. *See id*. at 616. X-rays showed osteoarthritis of the knees with severe joint space narrowing bilaterally. *See id*. at 617. She was referred for physical therapy, *see id.*, and, on September 24, 2010, a physical therapist noted that Plaintiff had a very antalgic gait and prescribed

---

[2] Contrary to Plaintiff's argument, *see* Dkt. No. 19 at 9, there is no evidence that the medical records from the August 24, 2010 evaluation were submitted to the ALJ. However, the record shows that they were submitted to the Appeals Council. *See* Tr. at 4-5, 609-28.

a rolling walker for her, *see id.* at 638. Plaintiff was also advised that an orthopedic referral may be necessary if there was no improvement in her knee pain and if she was willing to consider steroid knee shots or knee replacement surgery. *See id.* at 617.

The Appeals Council denied Plaintiff's request for review, stating in boilerplate language that "we considered the reasons you disagree with the decision and the additional evidence.... We found that this information does not provide a basis for changing the Administrative Law Judge's decision." *Id.* at 1-2.

The social security regulations provide a claimant an opportunity to submit new and material evidence to the Appeals Council for consideration when deciding whether to grant a request for review of an ALJ's decision. *See* 20 C.F.R. § 404.970(b). Evidence submitted for the first time to the Appeals Council is considered part of the record upon which the Commissioner's final decision is based. *See Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005). A court considering that final decision should review the record as a whole, including the new evidence, to determine whether the Commissioner's findings are supported by substantial evidence and should remand only if the new evidence dilutes the record to such an extent that the ALJ's decision becomes insufficiently supported. *See Higginbotham v. Barnhart,* 163 F. App'x 279, 281-82 (5th Cir. 2006); *Gonzalez v. Comm'r of Soc. Sec. Admin.,* No. 3:10-cv-2003-O-BF, 2012 WL 1058114, at *10 (N.D. Tex. Jan. 26, 2012), *rec. adopted*, 2012 WL 1065459 (N.D. Tex. Mar. 29, 2012).

Based on its internal procedures, the Appeals Council need not provide a detailed discussion about all new evidence submitted to it. *See Higginbotham*, 405 F.3d

at 335 n.1. Nevertheless, where new medical evidence is so inconsistent with the ALJ's findings that it undermines the ultimate disability determination, several judges have found that the case should be remanded so that the Appeals Council can fully evaluate it. *See Brown v. Astrue*, No. 3:10-cv-275-O-BK, 2010 WL 3895509, at *4-*6 (N.D. Tex. Sept. 13, 2010), *rec. adopted*, 2010 WL 3895507 (N.D. Tex. Oct. 1, 2010); *Lee v. Astrue*, No. 3:10-cv-155-BH, 2010 WL 3001904, at *7-*9 (N.D. Tex. July 31, 2010); *Stewart v. Astrue*, No. 7:07-cv-052-BD, 2008 WL 4290917, at *4 (N.D. Tex. Sept. 18, 2008).

Here, the additional evidence should have received more thorough consideration and discussion by the Appeals Council. The ALJ determined that Plaintiff could perform a limited range of "light" work. According to the social security regulations, a job is considered to be in the category of "light work" even "when it requires a good deal of walking or standing." 20 C.F.R. § 404.1567(b). In making the RFC assessment, the ALJ determined that Plaintiff could, among other things, walk six cumulative miles per day, occasionally use ramps and stairs, kneel, crouch, and crawl, and frequently balance and stoop. *See* Tr. at 15, 17. Further, in addition to the limitations caused by her other conditions, the ALJ discussed medical evidence showing a progressive deterioration of Plaintiff's arthritis. *See id.* at 15-17. In 2009, Plaintiff received moderate relief for arthritis pain from over-the-counter medications, and the consulting examiner reported no significant findings to suggest degenerative or inflammatory arthritis. *See id.* at 15-16. By 2010, she required prescription medication, from which she reported good pain control. *See id.* The ALJ also determined that Plaintiff could perform her past relevant work as a home health aide. *See id.* at 17.

9

Plaintiff testified that she was working part-time as a home health aide at the time of the hearing. *See id*. at 27. Over the last two years, she decreased her workload from three to only one patient because of her physical limitations, primarily arthritis in her knees. *See id*. at 27-28, 30-31, 34-35, 37-40. Her job duties include preparing breakfast and a sandwich lunch, dispensing medication, dusting, and doing dishes daily and laundry weekly. She can no longer bathe and lift her patients. *See id*. at 30, 40.

According to the newly-submitted evidence, shortly after the administrative hearing and the ALJ's decision, objective medical tests determined that Plaintiff had osteoarthritis in her knees with severe joint space narrowing bilaterally. *See id*. at 617. She had a grinding sensation in her knees and a limited range of motion and difficulty walking because of knee pain. Consequently, she needed a rolling walker. *See id*. at 616-17, 638.

The Appeals Council did not address how this new evidence impacts the ALJ's RFC findings that Plaintiff could walk, use ramps and stairs, kneel, crouch, crawl, balance, and stoop. Nor did the Appeals Council address how the use of a rolling walker impacts Plaintiff's ability to work as a home health aide.

Taken as a whole, the new evidence is so inconsistent with the ALJ's findings that it undermines the ultimate disability determination as stated in the ALJ's decision. Accordingly, this case must be remanded for proper consideration of the additional evidence.[3] *See Stewart*, 2008 WL 4290917, at *4 (holding remand required

---

[3] By recommending remand of this case for further administrative proceedings, the undersigned does not suggest that Plaintiff is or should be found disabled.

where summary denial of request for review provided no indication that Appeals Council evaluated additional evidence).

<u>Severity Standard</u>

Plaintiff also contends that the ALJ applied an improper legal standard to evaluate the severity of her impairments because the ALJ failed to cite or follow the standard set forth in *Stone v. Heckler*, 752 F.2d 1099, 1104-05 (5th Cir. 1985). *See* Dkt. No. 19 at 10-12; Dkt. No. 23 at 4-5. In *Stone*, the Fifth Circuit, concerned that the Commissioner had been applying an incorrect standard to the severity requirement when determining impairments, held that

> we will in the future assume that the ALJ and Appeals Council have applied an incorrect standard to the severity requirement unless the correct standard is set forth by reference to this opinion or another of the same effect, or by an express statement that the construction we give to 20 C.F.R. § 1520(c) (1984) is used. Unless the correct standard is used, the claim must be remanded to the Secretary for reconsideration.

752 F.2d at 1106. The *Stone* standard provides that "[a]n impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Id.* at 1101.

In this case, the ALJ did not cite to *Stone* and defined a severe impairment as one that "significantly limits an individual's ability to perform basic work activities. An impairment or combination of impairments is 'not severe' when medical and other evidence establish only a slight abnormality or combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work." Tr. at 13.

11

Defendant concedes that the ALJ incorrectly applied a standard different than that set forth in *Stone, see* Dkt. No. 22 at 8, but argues that such error was harmless because the ALJ did not terminate his analysis at Step 2 and also found all of Plaintiff's alleged impairments to be severe,[4] *see id.* at 7-10.

Plaintiff does not argue that the ALJ omitted a severe impairment. Instead, in her reply, Plaintiff implies that she was harmed when she argues that failure to apply the proper legal standard to evaluate the severity of impairments taints the remainder of the sequential evaluation. *See* Dkt. No. 23 at 4-5. However, Plaintiff points to no evidence, and a review of the record reveals no evidence, showing Plaintiff was harmed by the ALJ's assessment of the severity of her impairments at Step 2. "While it is true that the ALJ never cited to [*Stone*], which provides the appropriate legal standard for determining the severity of the disability, procedural perfection is not required unless it affects the substantial rights of a party," *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012), and the ALJ's failure to follow the *Stone* standard, standing alone without some showing of harm, does not dictate remand, *see Jones v. Astrue*, 851 F. Supp. 2d 1010, 1017-18 (N.D. Tex. 2012); *accord Goodman v. Comm'r of Soc. Sec. Admin.*, No. 3:11-cv-1321-G-BH, 2012 WL 4473136, at *9 (N.D. Tex. Sept. 10, 2012), *rec. adopted*, 2012 WL 4479253 (N.D. Tex. Sept. 28, 2012). Further, even if the ALJ's statement of the severity standard could be considered error, the Fifth Circuit has recently made

---

[4] Plaintiff alleged disability due to arthritis, bone deterioration, and diabetes, and the ALJ found that her obesity, diabetes, hypertension, mild lumbar spondylosis, and arthritis were severe impairments. *See* Tr. at 15, 173.

12

clear that harmless error analysis applies to "any error by the ALJ in not following the procedures set out in *Stone*" and that remand is not warranted where "substantial evidence supports the finding of the non-severity." *Taylor*, 706 F.3d at 603. Here, the Court need not apply any harmless error analysis where the ALJ found severity as to each claimed impairment, regardless of the standard being applied.

Furthermore, remand is not warranted when the ALJ proceeded to later steps of the analysis. *See Herrera v. Astrue*, 406 F. App'x 899, 903 (5th Cir. 2010) (declining to remand where "case did not turn on a finding that [plaintiff's] impairments were not severe at step two"); *Adams v. Bowen*, 833 F.2d 509, 512 (5th Cir. 1987) (holding ALJ's failure to make a severity finding at step two not a basis for remand where ALJ proceeded to later steps of the analysis); *see also Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) (per curiam) ("[I]f the ALJ proceeds past the impairment step in the sequential evaluation process the court must infer that a severe impairment was found."). Rather, "*Stone* error is not grounds for automatic reversal and remand if the ALJ continues beyond step two of the disability analysis." *Goodman*, 2012 WL 4473136, at *9.

Nevertheless, because the undersigned recommends that this case be remanded for consideration of the additional evidence discussed above, the undersigned also recommends that, on remand, the proper *Stone* standard should be cited and applied to evaluate the severity of Plaintiff's impairments.

**Recommendation**

The hearing decision should be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with the findings and conclusions herein.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 5, 2013

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE